UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES, | |
| Plaintiff, | CASE NO. C18-1817 RSL |
| v. | **ORDER DISMISSING COMPLAINT** |
| WASHINGTON BUILDING TRADES, et al., | |
| Defendants. | |

On December 17, 2018, plaintiff filed a *pro se* complaint[1] alleging defendants Washington Building Trust, Jim Collins, Diane Davies and Mark Riker, violated his rights under Title VII, 42 U.S.C § 2000e – 2(d). Dkt. 5. The matter was referred to United States Magistrate Judge Brian Tsuchida. Dkts. 5, 8.

Judge Tsuchida recommended the Court dismiss the complaint for failure to state a claim upon which relief may be granted. Dkt. 9. Judge Tsuchida noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554

---

[1] Plaintiff was granted to leave to proceed in forma pauperis. Dkt. 4.

(2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). A complaint's allegations must be supported by sufficient facts that state a claim upon which relief may be granted that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted).

Plaintiff's original complaint fell far below the requirements of Rule 8(a)(2) because it lacked any facts, and accordingly fails to state a claim for Title VII relief and should be dismissed. *See* Dkt. 5. As such, Judge Tsuchida recommended that if plaintiff wished to pursue the matter further, he must file an amended complaint pleading factual content sufficient to state a claim under Title VII, and from which the Court may draw a reasonable inference defendants are liable. Dkt. 9.

On January 9, 2019, plaintiff filed an amended complaint. Dkt. 11. Plaintiff also filed a "surreply" the same day which appears to be the amended complaint. Dkt. 10. For the reasons below, the Court DISMISSES the amended complaint without prejudice.

## DISCUSSION

**A. The Amended Complaint**

The amended complaint names as defendants the Washington Building Trades ("WBT"); Mr. Collins, Ms. Smith, Lee Newgent, Diana Davis, and Mark Riker. Dkt. 11. The amended complaint alleges WBT operates the "P.A.C.E." (Pre Apprenticeship Construction Education)

program. The complaint alleges plaintiff is African American and was told by Mr. Collins that African American and women have a harder time in the construction industry; that Mr. Collin's told plaintiff to "shut-up in class," and used the "n" word. Plaintiff alleges he complained to Ms. Davis about Mr. Collin's conduct. The amended complaint also alleges Ms. Smith, the math instructor, yelled at plaintiff in class.

Plaintiff alleges that 42 U.S.C. § 2000E-3(a) prohibits discrimination and that an employer cannot take action against an employee for making complaints about discrimination. Plaintiff further alleges he made several complaints "to all three instructors (Mr. Collins, Ms. Smith and Ms. Davis) without any success." Plaintiff also alleges he sent email messages to Lee Newgent, Diana Davis, and Mark Riker complaining about a hostile work environment. After sending the email messages, plaintiff alleges he was "kicked out" of the P.A.C.E. program and that defendants are liable because of the absence of "business necessity."

## B. Review of Civil Complaints

In reviewing civil complaints, the court "shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language.

**C.     Sufficiency of the Amended Complaint**

Plaintiff's amended complaint is fatally deficient because it sets fails to set forth facts that establishes there is an employer – employee relationship between plaintiff and defendants. Title VII of the Civil Rights Act of 1964 forbids **employment** discrimination against any individual based on that individual's race, color, religion, sex, or national origin. Pub.L. 88–352, § 704, 78 Stat. 257, as amended, 42 U.S.C. § 2000e–2(a). *See Burlington Northern and Santa Fe Ry. Co., v. White*, 548 U.S. 53, 56 (2006). Title VII thus provide protection to employees who are employed by an American Company. *See* 42 U.S.C. § 2000e(f) ("The term "employee" means an individual employed by an employer . . .").

The amended complaint, however, alleges plaintiff was taking Pre Apprenticeship Construction Education classes. There is no indication defendants hired or employed plaintiff. Under Federal Rule of Civil Procedure 12(b)(6), a complaint, or any claim contained within a complaint, may be dismissed if it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "The court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc*., 88 F.3d 780, 783 (9th Cir.1996). In ruling on a motion to dismiss under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.1996). The amended complaint contains no facts establishing the employer and employee relationship required to bring a Title VII claim.

Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ove v. Gwinn*,

264 F.3d 817, 821 (9th Cir. 2001) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"). Courts will not assume that plaintiffs "can prove facts that they have not alleged or that the defendants have violated laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

By this standard, some of the allegations contained in the amended complaint fail. Plaintiff alleges defendant Smith yelled at him in math class. There are no facts establishing the yelling constituted discrimination. Rather plaintiff simply claims he believes being yell at was "retaliation." Plaintiff also alleges that he complained to Mr. Davis about Mr. Collins' behavior. But the amended complaint contains nothing indicating Mr. Davis did anything wrong. And finally the amended complaint alleges plaintiff sent emails to Lee Newgent, Diana Davis, and Mark Riker, as was removed from his class the next day. Plaintiff presents nothing establishing these three defendants took any action that resulted in the plaintiff's removal from class.

## CONCLUSION

Plaintiff has filed an amended complaint under Title VII. The amended complaint is fatally flawed because there are no facts establishing that defendants are plaintiff's employers. Plaintiff's claims thus fall outside the scope of Title VII. Additionally, the amended complaint lacks facts establishing that Ms. Smith, Mr. Davis, Lee Newgent, Diana Davis, and Mark Riker, engaged in any improper acts. Plaintiff's subjective beliefs that defendants acted improperly are insufficient grounds to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement.) *Id.*

Accordingly for the reasons discussed above the Court dismisses the amended complaint without prejudice, and strikes plaintiff's motion for service of summons as moot.

Dated this 11th day of January, 2019.

ROBERT LASNIK
United States District Judge